**U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**SEP 3 0 2025**

**FILED**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-83-JL |
| | ) | |
| JESUS MOORE | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(A)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Erin Creegan, United States Attorney for the District of New Hampshire, and the defendant, Jesus Moore, and the defendant's attorney, R. Bradford Bailey, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and the Offense.</u>

The defendant agrees to waive his right to have this matter presented to a grand jury and plead guilty to an Information charging him with travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement. The United States also agrees to move to dismiss the Indictment (ECF No. 1) when the defendant is sentenced.

2. <u>The Statute and Elements of the Offense.</u>

Title 18, United States Code, Section 2423(b) provides, in pertinent part:

A person who travels in interstate commerce…with intent to engage in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(b).

- 1 -

The registration form from the Super 8 Motel in Manchester, New Hampshire, shows that the defendant rented a room on March 7, 2022, and identified his vehicle as a Cadillac Escalade with license plate F-O-E as a part of the registration process. Motor vehicle records show that vehicle was registered to Moore. Records from the Lawrence school district show that the defendant took sick leave for the day of March 7, 2022. In addition, records from Lyft show that on March 7, 2022, Moore ordered a car to pick someone up at Lawrence High School and drop the person off at the Super 8 Motel. Lyft records also show that on March 7, 2022, Moore ordered a car to pick someone up near the Super 8 Motel and drop the person off at Minor Victim 1's home address in Massachusetts.

    4.  Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.    A maximum prison term of 30 years (18 U.S.C. § 2423(b));

B.    A maximum fine of $250,000 (18 U.S.C. § 3571);

C.    A term of supervised release of at least 5 years and up to life (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D.    A mandatory special assessment of $100, $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)); and

E.    In addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

    To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

- 3 -

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant traveled in interstate commerce; and

Second, that defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct.

18 U.S.C. § 2423(b).

Illicit sexual conduct includes engaging in a sexual act with another person: (1) if that person is incapable of appraising the nature of the conduct, (2) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act, or (3) without that other person's consent, to include doing so through coercion. 18 U.S.C. § 2242.

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

The defendant met Minor Victim 1 through his work as a coach for the Lawrence (Massachusetts) High School basketball team. At the time, Minor Victim 1 was 17 years old and was enrolled as a student at Lawrence High School. On March 7, 2022, the defendant traveled from Massachusetts to New Hampshire and rented a room at the Super 8 Motel in Manchester, New Hampshire. The defendant met Minor Victim 1 at the motel. Once in the motel room, the defendant provided Minor Victim 1 with tequila and Minor Victim 1 became intoxicated and incapable of consenting to sexual contact. The defendant then engaged in sexual acts with Minor Victim 1, including contact between the defendant's penis and Minor Victim 1's vulva.

- 2 -

> The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

F.    An additional assessment of $5,000 (18 U.S.C. § 3014(a)).

5.  Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. Except for the Rule 11(c)(1)(C) sentencing stipulations provided for in Section 6 of this Agreement, the defendant understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.    Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.    Respond to questions from the Court;

C.    Correct any inaccuracies in the pre-sentence report;

D.    Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any

- 4 -

source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

      6. Sentencing Stipulations and Agreements.

      Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

      (a)    a sentencing range of 84 to 144 months' imprisonment is an appropriate disposition of this case.

      The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

      The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

      7. Acceptance of Responsibility.

      The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

      A.    Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.    Challenges the United States' offer of proof at any time after the plea is entered;

C.    Denies involvement in the offense;

D.    Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.    Fails to give complete and accurate information about his financial status to the Probation Office;

F.    Obstructs or attempts to obstruct justice, prior to sentencing;

G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.    Fails to appear in court as required;

I.    After signing this Plea Agreement, engages in additional criminal conduct; or

J.    Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the

- 6 -

United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.   The defendant also understands that he has the right:

A.   To plead not guilty or to maintain that plea if it has already been made;

B.   To be tried by a jury and, at that trial, to the assistance of counsel;

C.   To confront and cross-examine witnesses;

D.   Not to be compelled to provide testimony that may incriminate him; and

E.   To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

- 7 -

B.  Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.  Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.  Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.  Is completely satisfied with the representation and advice received from his undersigned attorney.

10.  Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.  Sex Offender Registration Collateral Consequence

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to

- 8 -

comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following supervision.

    12.   <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

- 9 -

13.  <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the Information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

14.  <u>Waivers</u>.

A.  Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1.      His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other

- 10 -

adverse disposition of pretrial motions or issues; or claims challenging the constitutionality of the statute of conviction; and

2.     The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.  Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.     His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.     The sentence imposed by the Court if it is consistent with the stipulations specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

- 11 -

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15.  <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16.  <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17.  <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

- 12 -

ERIN CREEGAN
United States Attorney

Date: 9/30/2025

By: _Anna Krasin_

Anna Z. Krasinski
Assistant United States Attorney
Bar Association #276778
53 Pleasant St., 4th Floor
Concord, NH 03301
anna.krasinski@usdoj.gov

The defendant, Jesus Moore, certifies that he has read this 13-page Plea Agreement and that he fully understands and accepts its terms.

Date: 9/30/25

Jesus Moore, Defendant

I have read and explained this 13-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 9.30.25

R. Bradford Bailey, Esquire
Attorney for Jesus Moore

- 13 -